1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  C20-0085 |
| Plaintiff, | |
| v. | **Complaint** |
| SHAUNA SNYDER aka SHAUNA SNYDER-MONROE, | |
| Defendant. | |

Plaintiff United States of America, on behalf of its agency, the United States Department of Education (Education), alleges the following in support of its Complaint against Defendant Shauna Snyder aka Shauna Snyder-Monroe (Ms. Snyder):

### I.    Parties and Nature of Action

1.    This is an action by the United States to collect student loan debts from Ms. Snyder.  These are Federal Stafford Loans, guaranteed by Northwest Education Loan Association, and reinsured by Education under loan guaranty programs.  20 U.S.C. § 1071 *et seq.*; 34 C.F.R. Part 682.

//

//

COMPLAINT - 1
(*USA v. Shauna Snyder*)

## II.   Jurisdiction and Venue

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1345.

3.      Venue is proper in the Western District of Washington under 28 U.S.C. § 1391, because Ms. Snyder resides in Freeland, Washington.

## III.   Facts

**Ms. Snyder borrowed $21,532.00 and $6,124.00
from U.S. Bank via two sets of promissory notes.**

4.      From September 1995 through May 1998, Ms. Snyder applied for and was granted five Federal Stafford Loans funded by U.S. Bank, authorized under Title IV, Part B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*, and 34 C.F.R. Part 682.  The Federal Stafford Loans' details are more particularly set out in Education's Certificate of Indebtedness #1 of 2, attached as Exhibit A.

5.      On or about September 29, 1995; August 12, 1996; August 26, 1997; April 15, 1998; and May 23, 1998; Ms. Snyder signed five Promissory Notes by which she promised, in exchange for her receipt of funds from U.S. Bank, to repay the Federal Stafford Loans with interest, fees, and the lender's collection costs, including attorney's fees.  True and correct copies of these five Promissory Notes are attached as Exhibit B.

6.      Pursuant to these five Promissory Notes, U.S. Bank disbursed to Ms. Snyder $5,500.00 and $1,906.00 on or about October 2, 1995; $5,500.00 and $890.00 on or about September 5, 1996; $5,500.00 and $203.00 on or about September 16, 1997; $1,596.00 on or about May 6, 1998; and $437.00

COMPLAINT - 2
(*USA v. Shauna Snyder*)

UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

on or about May 29, 1998, at a variable interest rate to be established annually by Education. *See* Exhibit A.

7.     In August 1998 and January 1999, Ms. Snyder applied for and was granted two additional Federal Stafford Loans, also funded by U.S. Bank and authorized under Title IV, Part B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*, and 34 C.F.R. Part 682.  The Federal Stafford Loans' details are more particularly set out in Education's Certificate of Indebtedness #2 of 2, attached as Exhibit C.

8.  On or about August 12, 1998 and January 14, 1999, Ms. Snyder signed two Promissory Notes by which she promised, in exchange for her receipt of funds from U.S. Bank, to repay the Federal Stafford Loans with interest, fees, and the lender's collection costs, including attorney's fees.  True and correct copies of these two Promissory Notes are attached as Exhibit D.

9.  Pursuant to these two Promissory Notes, U.S. Bank disbursed to Ms. Snyder $5,500.00 on August 18, 1998, and $624.00 on January 20, 1999, at a variable interest rate to be established annually by Education.  *See* Exhibit C.

### Ms. Snyder defaulted on all seven Promissory Notes and has failed to repay her debts to Education

10.     On or about January 31, 2004, Ms. Snyder defaulted on all seven Promissory Notes by failing to make any payments when due.  *See* Exhibits A & C.

11.     Under the terms of the Promissory Notes, when Ms. Snyder defaulted on the loans, her "entire unpaid balance became immediately due

COMPLAINT - 3
(*USA v. Shauna Snyder*)

UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

and payable," at the lender's option; Ms. Snyder further agreed that if she failed to make payments when due, she would pay "reasonable collection costs, including attorney's fees, court costs, and collection fees." *See* Exhibits B and D.

### Under loan guaranty and reinsurance agreements, all seven Promissory Notes were assigned to Education

12.     After Ms. Snyder defaulted on the seven Promissory Notes, U.S. Bank filed insurance claims with Northwest Education Loan Association, which had guaranteed repayment of the loans.  Exh. A & C.  Northwest Education Loan Association made guaranty payments on U.S. Bank's insurance claims in the amounts of $29,217.31 and $8,232.06.  Exh. A & C.

13.     In exchange for its guaranty payments to U.S. Bank, Northwest Education Loan Association acquired the right to be paid by Ms. Snyder under the seven Promissory Notes.  Exh. A & C.

14.     Under reinsurance agreements, Education reimbursed Northwest Education Loan Association for the guaranty payments of $29,217.31 and $8,232.06.  Exh. A & C.

15.     In exchange for Education's reimbursements, Northwest Education Loan Association assigned its rights under the seven Promissory Notes to Education in 2008.  Education presently holds the Promissory Notes.

16.     As of January 13, 2020, Ms. Snyder owed Education $37,013.67 on the five Federal Stafford Loans taken between 1995-May 1998, comprised of $26,069.52 principal, plus $10,944.15 interest.  Additional interest accrues on the principal amount at the annual rate of 5.46 percent and a daily

COMPLAINT - 4
(*USA v. Shauna Snyder*)

UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

accrual rate of $3.91 through June 30, 2020, and thereafter at such rate as Education establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.  *See* Exhibit A.

17.    As of January 13, 2020, Ms. Snyder owed Education $9,654.93 on the two Federal Stafford Loans taken in August 1998 and January 1999, comprised of $7,267.21 principal plus $2.387.72 interest.  Additional interest accrues on the principal amount at the annual rate of 4.66 percent and a daily accrual rate of $0.92 through June 30, 2020, and thereafter at such rate as Education establishes pursuant to section 427A of the higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.  *See* Exhibit C.

## Count I – Breach of Contract

18.    The United States incorporates the foregoing paragraphs as if fully restated herein.

19.    Ms. Snyder formed contracts with U.S. Bank when she signed the seven Promissory Notes by which she promised, in exchange for her receipt of the loan funds, to repay the Federal Stafford Loans with interest, fees, and the lender's reasonable collection costs, including attorney's fees, court costs, and collection fees.

20.    Through the loan guaranty and reinsurance agreements and payments described above, U.S. Bank assigned the seven Promissory Notes to Northwest Education Loan Association, and Northwest Education Loan Association then assigned the seven Promissory Notes to Education.

COMPLAINT - 5
(*USA v. Shauna Snyder*)

UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

21.     Ms. Snyder materially breached all seven Promissory Notes by failing to make payments when due and persisted in that failure on or about January 31, 2004.

22.     Ms. Snyder's material breach of the five Promissory Notes she entered into in 1995, 1996, 1997, and April and May 1998, has caused Education damages of $37,013.67 as of January 13, 2020; plus interest on the principal at the annual rate of 5.46 percent, and a daily accrual rate of $3.91 through June 30, 2020, and after that at a rate to be established by Education pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a, until the judgment date; plus post-judgment interest at the statutory rate thereafter.

23.     Ms. Snyder's material breach of the two Promissory Notes she entered into in August 1998 and January 1999, has caused Education damages of $9,654.93, as of January 13, 2020; plus interest on the principal at the annual rate of 4.66 percent, and a daily accrual rate of $0.92 through June 30, 2020, and after that at a rate to be established by Education pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a, until the judgment date; plus post-judgment interest at the statutory rate thereafter.

//

//

//

//

COMPLAINT - 6
(*USA v. Shauna Snyder*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Prayer for Relief**

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor, as follows:

a.      That Ms. Synder's materially breached seven Promissory Notes by failing to make payments when due;

b.      That, due to Ms. Snyder's material breach of the seven Promissory Notes, she is liable to the United States for damages, as follows:

- For her material breach of the five Promissory Notes executed in 1995, 1996, 1997, and April and May 1998, Ms. Snyder owes $37,013.67 as of January 13, 2020; plus $3.91 daily interest from January 14, 2020 through June 30, 2020, and after that at a rate to be established by Education pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a, until the judgment date; plus post-judgment interest at the statutory rate thereafter.

- For her material breach of the two Promissory Notes executed in August 1998 and January 1999, Ms. Snyder owes $9,654.93, as of January 13, 2020; plus $0.92 daily interest from January 14, 2020 through June 30, 2020, and after that at a rate to be established by Education pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a, until the judgment date; plus post-judgment interest at the statutory rate thereafter.

c.     That Ms. Snyder is liable for the United States' reasonable collection costs, including attorney's fees, court costs, and collection fees; and

d.     All other relief in favor of the United States that the Court deems just and proper.

DATED this 17th day of January 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

s/ Kyle A. Forsyth
KYLE A. FORSYTH, WSBA # 34609
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970 /Fax: (206) 553-4067
E-mail: Kyle.Forsyth@usdoj.gov

COMPLAINT - 8
(*USA v. Shauna Snyder*)

UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

SHAUNA SNYDER
AKA SHAUNA SNYDER-MONROE
1939 HARBOR SANDS LN
FREELAND, WA 98249
Account No. XXXXX2113

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 01/13/20.

On or about 9/29/95, 08/12/96, 08/26/97, 04/15/98 & 05/23/98, the BORROWER executed promissory note(s) to secure loan(s) of $7,406.00, $6,390.00, $5,703.00, $1,943.00 & $437.00 from U.S.BANK, St. Paul, MN. This loan was disbursed for $5,500.00 & $1,906.00 ON 10/02/95, $5,500.00 & $890.00 ON 09/05/96, $5,500.00 & $203.00 ON 09/16/97, $1,596.00 ON 05/06/98, AND $437.00 ON 05/29/98 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by NORTHWEST EDUCATION LOAN ASSOCIATION, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 01/31/04, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $29,217.31 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/26/08, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $26,069.52 |
| Interest: | $10,944.15 |
| Total debt as of 01/13/20: | $37,013.67 |

Interest accrues on the principal shown here at the current rate of 5.46 % and a daily rate of $3.91 through June 30, 2020, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 01/15/20

Loan Analyst
Litigation Support Unit

DF062640 ・・・ 07-28-95                                    RapidAp System

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

**Guarantor or Program Identification** 6 5 0 5 6 1  OCT -2 95

**Northwest Education Loan Association**  (206) 461-5470  1-800-732-1077

### Borrower Section
Please print neatly or type. Read the instructions carefully.

| 1. Last Name | First Name | MI | 3. Social Security Number |
|---|---|---|---|
| SNYDER-MONROE | SHAUNA | | 2113 |

| 2. Permanent Street Address (If P.O. Box, see instructions.) | 4. Telephone Number | 5. Loan Period (Month/Year) |
|---|---|---|
| 131 FOUR CORNERS RD | (360) 385-6033 | From 8/95  To 5/96 |

| City | State | Zip Code | 6. Driver's License Number (list state abbreviation first.) |
|---|---|---|---|
| PORT TOWNSEND | WA | 98368 | WA |

| 7. Lender Name | City | State | Zip Code | 8. Lender Code, if known | 9. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| U.S. Bank | Port Townsend, WA. | | 98368 | 811698 | 53 |

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | a. | | b. |
|---|---|---|---|
| Name | Lola Snyder | | Craddock D. Verser |
| Permanent Address | 19581 1st Ave M.E.#105 | | 1886 Lake St. Suite 200 |
| City, State, Zip Code | Poulsbo, WA. 98370 | | Port Townsend, WA. 98368 |
| Area Code/Telephone | (360) 297-4507 | | (360) 379-9115 |
| Relationship to Borrower | mother | | friend |

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☒ a. Subsidized Federal Stafford   ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.  $ 7,406 .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.
☐ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
☐ a. Yes, I want my interest capitalized   ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.
☐ a. Yes, transfer funds   ☐ b. No, do not transfer funds

### Promissory Note
Continued on the reverse side.

Promise to Pay. I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand that I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature  *Shauna Snyder-Monroe*        Today's Date (Month/Day/Year) 9/29/95

### School Section
To be completed by an authorized school official.

| 17. School Name | 23. School Code/Branch | 22. Telephone Number |
|---|---|---|
| WASHINGTON STATE UNIV | 003800 | (509) 335-9711 |

| 18. Street Address | 24. Cost of Attendance | 25. Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 139 FRENCH ADM BUILDING | 11,346 | 1st 08/16/95  2nd 01/05/96 |

| City | State | Zip Code | 26. Federal Expected Family Contribution |
|---|---|---|---|
| PULLMAN | WA | 99164-1018 | $ 0 .00 |

| 19. Loan Period (Month/Day/Year) | 28. Estimated Financial Aid | 30. School Certification (See box on the reverse side.) |
|---|---|---|
| From 08/28/95  To 05/10/96 | $ 3,940 .00 | **CERTIFIED BY** |

| 20. Grade Level | 27. Certified Loan Amounts | |
|---|---|---|
| 3 | a. Subsidized $ 5,500 .00 | Signature of Authorized School Official  J. NACCARATO |

| 21. Enrollment Status (Check one.) | | Print or Type Name and Title |
|---|---|---|
| ☒ Full Time  ☐ At Least Half Time | b. Unsubsidized $ 1,906 .00 | 07-25-95 |

22. Anticipated Completion (Graduation) Date (Month/Day/Year)  07/13/98

Check box if electronically transmitted to guarantor ☐

### Lender Section
To be completed by an authorized lending official.

| 31. Lender Name | 32. Lender Code/Branch | 33. Telephone Number | 34. Lender Use Only |
|---|---|---|---|
| | P116ap. | ( ) | |

| *. Street Address | 35. Amount(s) Approved | |
|---|---|---|
| | a. Subsidized $ 5500 .00 | b. Unsubsidized $ 1906 .00 |

| City | State | Zip Code | 36. Signature of Authorized Lending Official |
|---|---|---|---|
| | | | Print or Type Name, Title, and Date  10/2/95 |

USM4

Poor Source Original
Document Retained

01 02  10/2/95        **LENDER COPY**



"I declare under the penalty of perjury that the foregoing
is a true and correct copy of the Promissory Note."

Douglas E. St. Peters
Senior Director, Portfolio Management
Sallie Mae, Inc.

Sallie Mae, Inc. as authorized Agent for United
Student Aid Funds

Date 8/24/11

TRUE COPY OF THE ORIGINAL

# Promissory Note *(continued)*

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount authorized by the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of such late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. Any principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days (or payment(s) due monthly or 240 days for payments due less frequently than monthly). If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on the loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term of this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

Poor Source Original
Document Retained

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorizes the guarantor to adjust disbursement dates

if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an over-payment of any federal grant made under the Act, and that the information provided to the borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

1/31/94

DHQ81717 OF THE ORIGINAL 96   SEP -3 96   RapidAp System  JUL 22 96

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**Guarantor or Program Identification**

**Northwest Education Loan Association**

**RECEIVED** SEP 0 6 1996
STUDENT LOAN CENTER

(206) 461-5470
1-800-732-1077

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

Please print neatly or type. Read the instructions carefully.

### Borrower Section

| 1. Last Name | First Name | M.I. | 2. Social Security Number |
|---|---|---|---|
| SNYDER—MARSHALL | SHAUNA | | 2113 |

| 3. Permanent Street Address (if P.O. Box, see instructions) | | |
|---|---|---|
| 340 E PRICE ST | | |

| City | State | Zip Code | 4. Telephone Number (360) 385-5375 | 5. Loan Period (Month/Year) From 8/96 To 5/97 |
|---|---|---|---|---|
| PORT HADLOCK | WA | 98339 | | |

| 6. Driver's License Number (List state abbreviation first) WA | |
|---|---|

| 7. Lender Name U.S. Bank | 8. City | State | Zip Code | 9. Lender Code, if known 55 | 911698 | 6. Date of Birth (Month/Day/Year) /53 |
|---|---|---|---|---|---|---|

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | | |
|---|---|---|
| Name | LOLA SNYDER | CRADDOCK D VERSER |
| Permanent Address | 19581 1ST AVE NE (# 109 | 696 LAKE ST. SUITE 200 |
| City, State, Zip Code | POULSBO   WA 98730 | PORT TOWNSEND   WA 98368 |
| Area Code/Telephone | 360   697-4507 | 360   379-9115 |
| Relationship to Borrower | mother | employer |

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions): ☒ a. Subsidized Federal Stafford   ☒ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums). My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement. $ 6,390.00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   ☒ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   ☒ a. Yes, I want my interest capitalized   ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.   ☒ a. Yes, transfer funds   ☐ b. No, do not transfer funds

### Promissory Note

Continued on the reverse side.

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

THIS IS A LOAN(S) THAT MUST BE REPAID.

| 16. Borrower's Signature   Shauna Snyder | Today's Date (Month/Day/Year)   8/12/96 |
|---|---|

### School Section

To be completed by an authorized school official.

| 17. School Name   WASHINGTON STATE UNIVERSIT | School Code/Branch   003800 | 18. Telephone Number   509   335-9711 |
|---|---|---|

| 19. Street Address   139 FRENCH ADM. BUILDING | 24. Cost of Attendance   12,090.00 | 19. Recommended Disbursement Date(s) (Month/Day/Year) 1st 08/13/96 and 01/02/97 |
|---|---|---|

| City   PULLMAN | State   WA | Zip Code   99164-1015 | 25. Federal Expected Family Contribution   .00 | 3rd   4th |
|---|---|---|---|---|

| 19. Loan Period (Month/Day/Year)   From 08/26/96 To 05/09/97 | 26. Estimated Financial Aid   5,700.00 | 30. School Certification (See box on the reverse side.)   CERTIFIED BY |
|---|---|---|

| 20. Grade Level   3 | 27. Certified Loan Amounts | Signature of Authorized School Official |
|---|---|---|
| | a. Subsidized $ 5,500.00 | J. NACCARATO |
| 21. Enrollment Status (Check one.)   ☒ Full Time   ☐ At Least Half Time | b. Unsubsidized $ 890.00 | Print or Type Name and Title   07-17-96 |
| 22. Anticipated Completion (Graduation) Date (Month/Day/Year)   07/13/97 | | Date   Check box if electronically transmitted to guarantor. ☒ |

### Lender Section

To be completed by an authorized lending official.

| 31. Lender Name | 32. Lender Code/Branch   911698 | 33. Telephone Number | 34. Lender Use Only |
|---|---|---|---|
| Street Address | 31. Amount(s) Approved   a. Subsidized $ 5500.00 | b. Unsubsidized $ 890.00 | |
| City | 31. Signature of Authorized Lending Official | Print or Type Name, Title, and Date   9.2.96 | |

Poor Source Original Document Retained

in 374   9-5

**LENDER COPY**

3.4

# Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively, referred to as the Act). The rate is specified in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement, If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand that the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and borrowed interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student as permitted by law. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Family Education, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureaus and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment or at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise and, (ii) by and among my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

### Poor Source Original Document Retained

1/01/96

RapidAp System   08-12 RECEIVED DF109089

**Application and Promissory Note for**
**Federal Stafford Loans** (subsidized and unsubsidized)

OMB No. 1840-0717  Form Approved  Exp. Date 03/31/98
WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines and imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

*Guarantor or Program Identification*

**Northwest Education Loan Association**   (206) 461-5470   1-800-732-1077

| **Borrower Section** | | | | *Please print neatly or type. Read the instructions carefully.* |
|---|---|---|---|---|
| 1. Last Name SNYDER | First Name SHAUNA | | | 2. Social Security Number ___-__-7113 |
| 3. Permanent Street Address (If P.O. Box, see instructions) 340 E PRICE ST | | | 4. Telephone Number ( 360 ) 385-3373 | 5. Loan Period (Month/Year) From 8/97  To 5/98 |
| City PORT HADLOCK | State WA | Zip Code 98339 | 6. Driver's License Number (List state abbreviation first) WA/ | |
| 7. Lender Name US Bank | | | 8. Lender Code, if known | 9. Date of Birth (Month/Day/Year) __/__/53 |

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| Name | 1. LOLA SNYDER | CRADDOCK D VESSER |
|---|---|---|
| Permanent Address | 19581 1ST AVE NE # 109 | 686 LAKE ST. SUITE 200 |
| City, State, Zip Code | POULSBO   WA 98730 | PORT TOWNSEND  WA 98368 |
| Area Code/Telephone | 360   697-4507 | 360   379-9115 |
| Relationship to Borrower | Mother | co-worker |

**Loan Assistance Requested**

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☒ a. Subsidized Federal Stafford   ☒ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.   $ 5,703.00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   ☒ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   ☐ a. Yes, I want my interest capitalized   ☒ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.   ☒ a. Yes, transfer funds   ☐ b. No, do not transfer funds

**Promissory Note**   *Continued on the reverse side.*

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature *Shauna Snyder*   Today's Date (Month/Day/Year) 8/26/97

| **School Section** | *To be completed by an authorized school official.* |
|---|---|
| 17. School Name WASHINGTON STATE UNIV. | 23. School Code/Branch 00380000 | 24. Telephone Number ( 509 ) 335-9711 |

18. Street Address 380 LIGHTY STUDENT SERV.
City PULLMAN  State WA  Zip Code 99164-1068

24. Cost of Attendance $ 11,403 .00
25. Federal Expected Family Contribution $ 0 .00

19. Loan Period (Month/Day/Year) From 08/25/97  To 05/08/98
20. Grade Level 3
21. Enrollment Status (Check one.) ☒ Full Time  ☐ At Least Half Time
22. Anticipated Completion (Graduation) Date (Month/Day/Year) 05/13/99

26. Estimated Financial Aid $ 5,700 .00
27. Certified Loan Amounts a. Subsidized $ 5,500 .00  b. Unsubsidized $ 203 .00

14. Recommended Disbursement Date(s) (Month/Day/Year) 1st 08/15/97  2nd 01/06/98  3rd  4th

30. School Certification (See box on the reverse side.) CERTIFIED BY.
Signature of Authorized School Official
LESLEY PHELPS, LOAN COORD.
Print or Type Name and Title
Date 08-17-97
Check box if electronically transmitted to guarantor: ☐

| **Lender Section** | *To be completed by an authorized lending official.* |
|---|---|
| 31. Lender Name | 32. Lender Code/Branch 811698 | 33. Telephone Number | 34. Lender Use Only |

Street Address
City  State  Zip Code

35. Amount(s) Approved a. Subsidized $ 5500 .00  b. Unsubsidized $ 203 .00
36. Signature of Authorized Lending Official  Print or Type Name, Title, and Date 9-10-97

**LENDER COPY**

Poor Source Original
Document Retained

TRUE COPY OF THE ORIGINAL

7 1 8 3 0 9 SEP-391

Poor Source Original
Document Retained

# Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionally from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may treat me as a forbearance for purposes of signing payment dates on any loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid principal on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (1) I fail to enroll as at least a half-time student at the school that certified my Application; (II) I fail to use the proceeds of the loan(s) solely for educational expenses; (III) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (IV) I default on the loan(s).

The following events shall constitute a default on a loan: (I) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (II) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges at a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and if I file a written objection to the guarantor that is postmarked not later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term for this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that [a] loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state, agencies and nonprofit organizations that administer financial aid programs under the FFELP.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and I hereby authorize the guarantor to adjust disbursement dates

if necessary to ensure compliance with the Act. I further certify that, based on records available and due legality, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

1/3/94

RapidAp System    04-10-98    30016637    ELMRES0000P606Z56

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

OMB No. 1840-0717 Form Approved Exp. Date 03/31/99

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

RECEIVED
APR 24 1998

**Guarantor or Program Identification**

**Northwest Education Loan Association**    (206) 461-5470    1-800-732-1077

### Borrower Section

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| SNYDER | SHAUNA L. CANK | | 2113 |

| 3. Permanent Street Address (P.O. Box, see instructions) | | 4. Telephone Number | 5. Loan Period (Month/Year) |
|---|---|---|---|
| 340 E PRICE ST | | 360 ) 385-5375 | From 5/98  To 7/98 |

| City | State | Zip Code | 6. Driver's License Number (List state abbreviation first.) |
|---|---|---|---|
| PORT HADLOCK | WA | 98339 | NA |

| 7. Lender Name | City | State | Zip Code | 8. Lender Code, If known | 9. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| U.S. Bank | | | | 811698 | 53 |

10. References: You must provide two references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | | |
|---|---|---|
| Name | David G. Snyder | Craddock D. Verser |
| Permanent Address | 1735 Beach Dr. | 1084 Lake St. Ste.200 |
| City, State, Zip Code | Port Orchard, WA. 98476 | Port Townsend, WA. 98368 |
| Area Code/Telephone | ( 360 ) 769-8044 | ( 360 ) 379-9115 |
| Relationship to Borrower | brother | lawyer, friend |

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☐ a. Subsidized Federal Stafford    ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.    $ 1,943.00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.
☐ a. Yes, I want a deferment    ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
☐ a. Yes, I want my interest capitalized    ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.
☐ a. Yes, transfer funds    ☐ b. No, do not transfer funds

### Promissory Note

*Continued on the reverse side.*

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

| 16. Borrower's Signature | Today's Date (Month/Day/Year) |
|---|---|
| Shauna Snyder | 4/15/98 |

### School Section

*To be completed by an authorized school official.*

| 17. School Name | School Code/Branch | 18. Telephone Number |
|---|---|---|
| WASHINGTON STATE UNIV. | 003B0000 | ( 509 ) 335-9711 |

| 18. Street Address | 24. Cost of Attendance | 29. Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 380 LIGHTY STUDENT SERV. | 3,055 .00 | 1st 05/06/98  2nd 05/07/98 |

| City | State | Zip Code | 25. Federal Expected Family Contribution | |
|---|---|---|---|---|
| PULLMAN | WA | 99164-1068 | 0 .00 | |

| 19. Loan Period (Month/Day/Year) | 26. Estimated Financial Aid | 30. Federal Certification (See box on the reverse side.) |
|---|---|---|---|
| From 05/13/98  To 07/31/98 | 1,112 .00 | CERTIFIED BY |

| 20. Grade Level | 27. Certified Loan Amounts | Signature of Authorized School Official |
|---|---|---|
| 3 | a. Subsidized    0 .00 | LESLEY PHELPS, LOAN COORD. |

| 21. Enrollment Status (Check one.) | | Print or Type Name and Title |
|---|---|---|
| ☒ Full Time    ☐ At Least Half Time | b. Unsubsidized    1,943 .00 | 04-08-98 |

| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) | | Date |
|---|---|---|
| 05/13/99 | | Check box if electronically transmitted to guarantor ☒ |

### Lender Section

*To be completed by an authorized lending official.*

| 01. Lender Name | 32. Lender Code/Branch | 33. Telephone Number | 34. Lender Use Only |
|---|---|---|---|
| | 811698 | | EXPRESSWAY |

| Street Address | 34. Amount(s) Approved | |
|---|---|---|
| | a. Subsidized $ .00  b. Unsubsidized $ 1,943 - .00 | |

| City | State | Zip Code | 34. Signature of Authorized Lending Official | Print or Type Name, Title, and Date |
|---|---|---|---|---|
| | | | X | 4-22-98 |

1/01/94    4-22-98 '07    **LENDER COPY**

Poor Source Original
Document Retained

7

TRUE COPY OF THE ORIGINAL

# Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charged on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to minimize a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) (II) I fail to use the proceeds of the loan(s) solely for educational expenses; (III) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (IV) I default on the loan(s).

The following events shall constitute a default on a loan: (I) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (II) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days (for payments due monthly) or 240 days (for payments due less frequently than monthly). If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges at a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than thirty (30) days after I am served with the suit, the guarantor will either have the suit transferred to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification and Authorization

I declare under penalty of perjury that this information is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities), or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (I) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (II) by and among my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) For the loan(s) I requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state, agencies and nonprofit organizations that administer financial aid programs under the FFELP.

**Poor Source Original Document Retained**

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates.

If necessary to ensure compliance with the Act, I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

1/3/94

RUE COPY Rapt*Apr3y64*m    05-19-98,   90018746   (ERROR)   ELMRESOOOOP6O7ONG

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

OMB No. 1840-0717, Form Approved Exp. Date 03/31/98

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and ...

**Guarantor or Program Identification**

Northwest Education
NELA Loan Association

RECEIVED JUN 0 2 1998

(206) 461-5470
1-800-732-1077

Please print neatly or type. Read the instructions carefully.

### Borrower Section

| 1. Last Name SNYDER | First Name SHAUNA | STUDENT LOAN CENTER U.S. BANK | 2. Social Security Number [ ] 2113 |
| 3. Permanent Street Address (If P.O. Box, see Instructions) 340 E PRICE ST | | 4. Telephone Number (B60) 385-5375 | 5. Loan Period (Month/Year) From: 5/98  To: 7/98 |
| City FORT HADLOCK | State WA | Zip Code 98339 | 6. Driver's License Number (List state abbreviation first) NA |
| 7. Lender Name US | City | State | Zip Code 5 44 98 | 8. Date of Birth (Month/Day/Year) /53 |

**10. References:** You must provide two separate references with different U.S. addresses. Both references should be a parent or legal guardian (if living). Both references must be completed fully.

| | 1. Name David L. Snyder | 2. Craddock D. Verser |
| Permanent Address | 3735 Beach Dr. | 681 Lake St. Ste.200 |
| City, State, Zip Code | Port Orchard, WA 98476 | Port Townsend, WA 98368 |
| Area Code/Telephone | (B60) 769-9044 | (B60) 379-9115 |
| Relationship to Borrower | brother | Attorney / Friend |

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☑ a. Subsidized Federal Stafford    ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.   $ 437.00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to delay repayment.   ☐ a. Yes, I want a deferment    ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   ☐ a. Yes, I want my interest capitalized    ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.   ☑ a. Yes, transfer funds    ☐ b. No, do not transfer funds

### Promissory Note                                         Continued on the reverse side.

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand that I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN THAT MUST BE REPAID.**

16. Borrower's Signature *Shauna Snyder*     Today's Date (Month/Day/Year) 5/23/98

### School Section                          To be completed by an authorized school official.

| 17. School Name WASHINGTON STATE UNIV. | 23. School Code/Branch 00380000 | 28. Telephone Number (509) 335-9711 |
| 18. Street Address 380 LIGHTY STUDENT SERV. | 24. Cost of Attendance $ 2,708 | 29. Recommended Disbursement Date(s) (Month/Day/Year) 05/06/98    08/07/98 |
| City PULLMAN  State WA  Zip Code 99164-1068 | 25. Federal Expected Family Contribution $ 0 | 30. School Certification (See box on the reverse side.) CERTIFIED BY |
| 19. Loan Period (Month/Day/Year) 05/11/98    07/31/98 | 26. Estimated Financial Aid $ 678 | Signature of Authorized School Official LESLEY PHELPS  LOAN COORD. |
| 20. Grade Level 3 | 27. Certified Loan Amounts a. Subsidized $ 0 | Print or Type Name and Title 05-18-98 |
| 21. Enrollment Status (Check one.) ☑ Full Time  ☐ At Least Half Time | b. Unsubsidized $ 437 | Date |
| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) 05/13/99 | | Check box if electronically transmitted to guarantor: ☑ |

### Lender Section                          To be completed by an authorized lending official.

| 31. Lender Name | 32. Lender Code/Branch 81698 | 33. Telephone Number | 34. Lender Use Only EXPRESSWAY |
| Street Address | 33. Amount(s) Approved a. Subsidized $ 0 | b. Unsubsidized $ 437 | Print or Type Name, Title, and Date 5/29/98 |
| City  State  Zip Code | 34. Signature of Authorized Lending Official | | |

1/5/98    5-29-88 OF                                        LENDER COPY

Poor Source Original
Document Retained

TRUE COPY OF THE ORIGINAL

# Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying the Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan that the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed six cents for each dollar of that installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance. The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of my loan(s). I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I'm making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 270 days for a loan repayable monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organization and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the right to transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for (s)(k)(4) for the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

Poor Source Original
Document Retained

If necessary to assure compliance with the Act, I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an over-payment of any federal grant made under the Act, and that the information provided to the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

U, S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 2

SHAUNA SNYDER
1939 HARBOR SANDS LN
FREELAND, WA 98249
Account No. XXXXX2113

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 01/13/20.

On or about 08/18/98 & 01/20/99, the BORROWER executed promissory note(s) to secure loan(s) of $5,500.00 & $624.00 from U.S.BANK, St. Paul, MN. This loan was disbursed for $5,500.00 ON 08/18/98 AND $624.00 ON 01/20/99 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by NORTHWEST EDUCATION LOAN ASSOCIATION, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 01/31/04, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,232.06 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/26/08 & 10/21/08, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $7,267.21 |
| Interest: | $2,387.72 |
| Total debt as of 01/13/20: | $9,654.93 |

Interest accrues on the principal shown here at the current rate of 4.66 % and a daily rate of $0.92 through June 30, 2020, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 01/15/20

Loan Analyst
Litigation Support Unit

RapidAp System    08-10-98   50035872   (ERROR)   ELMRES0000P10CJ3J

## Application and Promissory Note for Federal Stafford Loans *(subsidized and unsubsidized)*

OMB No. 1840-0717 Form Approved

*Guarantor or Program Identification*

### Northwest Education Loan Association
(206) 461-5470
1-800-732-1077

**Borrower Section**                                    Please print neatly or type. Read the instructions carefully.

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| SNYDER | SHAUNA | | 2113 |

| 3. Permanent Street Address | | | |
|---|---|---|---|
| 340 E PRICE ST | | | |

| 4. Telephone Number (Month/Year) | 5. Loan Period (Month/Year) |
|---|---|
| (360) 385-5375 | From 8/98 To 5/99 |

| City | State | Zip Code |
|---|---|---|
| PORT HADLOCK | WA | 98339 |

6. Driver's License Number (List state abbreviation first)
NA

| 7. Lender Name | City | State | Zip Code |
|---|---|---|---|
| U.S. Bank | | | |

8. Lender Code, if known
811698

9. Date of Birth (Month/Day/Year)
'53

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | 1. | 2. |
|---|---|---|
| Name | Lola A. Snyder | Craddock D. Verser |
| Permanent Address | 19581 1st Ave. NE #105 | 4302 Holcomb |
| City, State, Zip Code | Poulsbo, WA. 98730 | Port Townsend, WA. 98868 |
| Area Code/Telephone | (360) 697-4507 | (360) 385-0285 |
| Relationship to Borrower | mother | attorney & friend |

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):

☑ a. Subsidized Federal Stafford   ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under one loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.

$ 5,500 .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.
☐ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
☐ a. Yes, I want my interest capitalized   ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.
☐ a. Yes, transfer funds   ☐ b. No, do not transfer funds

### Promissory Note                                    *Continued on the reverse side.*

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature  *Shauna Snyder*          Today's Date (Month/Day/Year) 8/12/98

### School Section                                    To be completed by an authorized school official.

| 17. School Name | 19. School Code/Branch | 28. Telephone Number |
|---|---|---|
| WASHINGTON STATE UNIV. | 00380000 | (509) 335-9711 |

| 18. School Address | | 29. Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 380 LIGHTY STUDENT SERV. | $ 11,738 .00 | 1st 08/18/98   2nd 01/05/99 |

| City | State | Zip Code | 25. Federal Expected Family Contribution |
|---|---|---|---|
| PULLMAN | WA | 99164-1068 | $ 0 .00 |

30. School Certification (See box on the reverse side.)
CERTIFIED BY
Signature of Authorized School Official
CHERYL DRUFFEL LOAN COORD
Print or Type Name and Title
08-09-98
Date

| 19. Loan Period (Month/Day/Year) | 26. Estimated Financial Aid |
|---|---|
| From 08/24/98 To 05/07/99 | $ 6,238 .00 |

| 20. Grade Level | 27. Certified Loan Amounts |
|---|---|
| 4 | a. Subsidized $ 5,500 .00 |
| 21. Enrollment Status (Check one.) ☑ Full Time ☐ At Least Half Time | b. Unsubsidized $ .0 .00 |
| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) 05/13/99 | |

Check box if electronically transmitted to guarantor ☑

### Lender Section                                    To be completed by an authorized lending official.

| 31. Lender Name | 32. Lender Code/Branch | 33. Telephone Number | 34. Lender Use Only |
|---|---|---|---|
| | 811698 | | |

| Street Address | 34. Amount(s) Approved | |
|---|---|---|
| | a. Subsidized $ 5500 .00   b. Unsubsidized $ .00 | |

| City | State | Zip Code | 35. Signature of Authorized Lending Official |
|---|---|---|---|
| | | | 8-18-98 |

Print or Type Name, Title, and Date

Poor Source Original Document Retained

**LENDER COPY**

9

# Promissory Note (continued)

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

## Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand that the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on this loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for a loan repayable in monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureaus and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that rates loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either bring the suit in the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance at at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

## Poor Source Original Document Retained

## School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not indebted and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and I hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

1/31/94

RapidAp System   01-12-99   58052131   ELMRES0000F60H12L

**plication and Promissory Note for
deral Stafford Loans** (subsidized and unsubsidized)

Guarantor or Program Identification

**Northwest Education
Loan Association**   (206) 461-5470
1-800-732-1077

Please print neatly or type. Read the instructions carefully.

rower Section STUDENT   U.S. BANK   JAN 00 1999

| 1. Name | First Name | 2. Social Security Number |
|---|---|---|
| NYDER | SHAUNA | 2113 |

| Permanent Street Address (P.O. Box, see instructions.) | 4. Telephone Number | 5. Loan Period (Month/Year) |
|---|---|---|
| 30 E PRICE ST | 360  385-5375 | From 1/99  To 5/99 |

| City | State | Zip Code | 6. Driver's License Number (List state abbreviation first.) |
|---|---|---|---|
| JRT HADLOCK | WA | 98339 | NA |

| Lender Name | City | State | Zip Code | 7. Lender Code, if known | 8. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| V/S | | | | 811698 | 53 |

References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| Name | 1. Lola A. Snyder | 2. Chaddock D. Verser |
|---|---|---|
| Permanent Address | 19581 1st Ave N.B. | 680 Lake St. Ste. 200 |
| City, State, Zip Code | Poulsbo, WA. 98730 | Port Townsend, WA. 98368 |
| Area Code/Telephone | ( 360 ) 697-450 | ( 360 ) 379-9115 |
| Relationship to Borrower | mother | attorney, friend |

**oan Assistance Requested**

11. I request the following loan type(s), to the extent I am eligible (see instructions):   ☐ a. Subsidized Federal Stafford   ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.   $ 624 .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   ☐ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   ☐ a. Yes, I want my interest capitalized   ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.   ☒ a. Yes, transfer funds   ☐ b. No, do not transfer funds

**Promissory Note**   Continued on the reverse side.
Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature   _Shauna Snyder_   Today's Date (Month/Day/Year) 1/14/99

**School Section**   To be completed by an authorized school official.

| 17. School Name | 23. School Code/Branch | 24. Telephone Number |
|---|---|---|
| WASHINGTON STATE UNIV. | 003B0000 | ( 509 ) 335-9711 |

| 18. Street Address | 24. Cost of Attendance | 25. Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 380 LIGHTY STUDENT SERV. | $ 11,162 .00 | 1st 01/05/99  2nd |

| City | State | Zip Code | 25. Federal Expected Family Contribution | | |
|---|---|---|---|---|---|
| PULLMAN | WA | 99164-1068 | $ 0 .00 | 3rd | 4th |

| 19. Loan Period (Month/Day/Year) | 26. Estimated Financial Aid | 30. School Certification (See box on the reverse side.) |
|---|---|---|
| From 01/11/99  To 05/07/99 | $ 10,538 .00 | CERTIFIED BY |

| 20. Grade Level | 27. Certified Loan Amounts | Signature of Authorized School Official |
|---|---|---|
| 4 | a. Subsidized $ 0 .00 | CHERYL DRUFFEL, LOAN COORD |

| 21. Enrollment Status (Check one.) | | Print or Type Name and Title |
|---|---|---|
| ☒ Full Time  ☐ At Least Half Time | b. Unsubsidized $ 624 .00 | 01-11-99 |

| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) | | Date |
|---|---|---|
| 05/13/99 | | Check box if electronically transmitted to guarantor. ☒ |

**Lender Section**   To be completed by an authorized lending official.

| 31. Lender Name | 32. Lender Code/Branch | 33. Telephone Number | 34. Lender Use Only |
|---|---|---|---|
| | 811698 | | |

| Street Address | 35. Amount(s) Approved | | |
|---|---|---|---|
| | a. Subsidized $ 0 .00 | b. Unsubsidized $ 624 .00 | |

| City | State | Zip Code | 36. Signature of Authorized Lending Official | Print or Type Name, Title, and Date |
|---|---|---|---|---|
| | | | 1-20-99 | |

1-20-99 LENDER COPY

Poor Source Original Document Retained

Poor Source Original Document Retained

# Promissory Note (continued)

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

## Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loans. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

## Origination and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed six cents of each late installment. If I default on my loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days, for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If a lawsuit is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1)  I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2)  I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on a half-time basis at the certifying school for the loan period certified on the Application.

(3)  I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4)  I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5)  I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6)  I authorize the holder(s) of any loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7)  I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8)  So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

Poor Source Original
Document Retained

## School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment or at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the school is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided to the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
Plaintiff

❑ 3   Federal Question
*(U.S. Government Not a Party)*

❑ 2   U.S. Government
Defendant

❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury  - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | | **PERSONAL PROPERTY** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | ❑ 362 Personal Injury - Medical Malpractice | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | |
| | | | | ❑ 865 RSI (405(g)) | ❑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | | ❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | ❑ 950 Constitutionality of State Statutes |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
Proceeding

❑ 2   Removed from
State Court

❑ 3   Remanded from
Appellate Court

❑ 4   Reinstated or
Reopened

❑ 5   Transferred from
Another District
*(specify)*

❑ 6   Multidistrict
Litigation -
Transfer

❑ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❑   CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:       ❑ Yes    ❑No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                    AMOUNT                           APPLYING IFP                              JUDGE                                  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: